# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

JESSICA GOBEL,                            )
                                             )
                    Petitioner,         )
vs.                             )     No. 1:17-cv-666-TWP-TAB
                                             )
SUPERINTENDENT,             )
                                             )
                    Respondent.    )

## Entry Discussing Petition for Writ of Habeas Corpus

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Jessica Gobel has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, her petition for a writ of habeas corpus must be **denied** and this action dismissed.

## Discussion

In a disciplinary proceeding identified as No. IWP 16-07-135, Gobel was found guilty of violating prison rules at the Indiana Women's Prison, by committing forgery. The evidence favorable to the decision of the hearing officer is that on July 21, 2016 Officer Combs was serving Gobel with notice of a conduct report for a tattoo violation when Gobel presented an informal conduct report to Combs purported to be signed by Officer Ellison, for the same tattoo violation. Officer Ellison, however, did not write the informal conduct report. A hearing on the charge was

conducted on January 28, 2016. Gobel was present and made a statement concerning the charge. Her statement was that Officer Ellison had issued the informal resolution document. The hearing officer considered that statement, together with the other evidence, and found Gobel guilty of the charged offense.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Gobel received all the process to which she was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Gobel was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Gobel's claims that she was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle her to relief. Gobel did not make

a timely request a review of a video record of the alleged encounter with Officer Ellison. *See Sweeney v. Park*, 113 F.3d 716, 720 & n.5 (7th Cir. 1997), *disapproved on other grounds by White v. Indiana Parole Bd*, 266 F.3d 759, 763-66 (7th Cir. 2001). The reporting officer did review a video, but noted that it showed Officer Ellison leaving his duty station at the end of his shift. As to the sufficiency of the evidence, the "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). Because nothing in the pertinent circumstances compelled the hearing officer to credit Gobel's account and because the conduct report and Officer Ellison's statement point to Gobel's guilt, the evidence in No. IWP 16-07-135 was constitutionally sufficient.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the disciplinary proceeding and there was no constitutional infirmity in the challenged proceeding which entitles Gobel to the relief she seeks. Accordingly, her petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 7/12/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

JESSICA GOBEL
188940
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214